J. S55035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS J. LYNCH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 2936 EDA 2017 |
| MICHAEL GERACE, G. WORLD, INC., | : | |
| AND GERACE ENTERPRISE, INC. | : | |

Appeal from the Judgment Entered October 18, 2017,
in the Court of Common Pleas of Delaware County
Civil Division at No. 15-1092

| | | |
|---|---|---|
| THOMAS J. LYNCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL GERACE, G. WORLD, INC., | : | |
| AND GERACE ENTERPRISE, INC., | : | No. 2940 EDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered October 18, 2017,
in the Court of Common Pleas of Delaware County
Civil Division at No. 2015-1092

BEFORE:  OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 21, 2018**

Appellant/cross-appellee Thomas J. Lynch ("Lynch") and appellees/cross-appellants Michael Gerace, G. World, Inc., and Gerace Enterprise, Inc. (collectively, "Gerace") each appeal from the October 18,

2017 judgment entered in favor of Lynch and against G. World, Inc. and Gerace Enterprise, Inc., in this breach of contract action.[1]   After careful review, we affirm on the basis of the comprehensive November 17, 2017 opinions of the Honorable Spiros E. Angelos.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Lynch] initiated this action with the filing of a Complaint on February 6, 2015. [Lynch] alleged claims against [Gerace] in breach of contract and unjust enrichment.  [Lynch] alleged that, pursuant to an oral agreement between the parties, [Lynch] performed human resources related consulting services at the request of Defendant, Michael Gerace.  [Gerace] filed an Answer on November 17, 2015.  A bench trial was held on December 6, 2016 and the undersigned Judge entered a Decision and supporting Findings of Facts and Conclusions of Law on December 19, 2017 in favor of [Lynch] against [Gerace] in the amount of Thirty Thousand Dollars ($30,000.00).
>
> [Lynch] filed a post-trial motion to amend the verdict to include prejudgment interest on December 28, 2016.  [Gerace] filed a post-trial motion to vacate the Trial Court[']s December 19, 201[6] Decision on January 20, 2017,[Footnote 1] arguing that [Defendant Michael] Gerace was not a party to the alleged oral agreement between the parties.  A hearing was held on [the parties'] post-trial motions on April 5, 2017.  Following said hearing, the undersigned Judge issued an Amended Order on

---

[1] Both parties purport to appeal from the August 8, 2017 order denying their respective motions for post-trial relief.  "[H]owever, an appeal properly lies from the entry of judgment, not from the denial of post-trial motions." **Croyle v. Dellape**, 832 A.2d 466, 470 (Pa.Super. 2003) (citation and internal quotation marks omitted).  We have amended the caption accordingly.

April 12, 2017, finding in favor of [Lynch] and against two defendants, G World Inc. and Gerace Enterprise, Inc. in the amount of Thirty Thousand Dollars ($30,000.00) plus prejudgment interest in the amount of Five Thousand Eight Hundred Thirty Seven Dollars and Twelve Cents ($5,837.12).

[Footnote 1] [Gerace's] Post-Trial Motion was well past the 10 day period to file a post-trial motion under Pa.R.C.P. 227.1(c)[.] However, [Lynch's] Post-Trial Motion on December 28, 2016 provided a cover-page that incorrectly stated [Gerace] had twenty (20) days to respond to [Lynch's] post-trial motion. The Trial Court has broad discretion to dismiss an untimely post-trial motion or to overlook its untimeliness. ***See Kennel v. Thomas***, 804 A.2d 667, 668-[6]69 (Pa.Super. 2002). Due to the error on the cover-page of [Lynch's] post-trial motion, the Trial Court exercised its discretion and considered the merits of [Gerace's] post-trial motion.

The parties filed post-trial motions on the April 12, 2017 Amended Order, which were denied by Order on August 7, 2017, docketed August 8, 2017. [Lynch] and [Gerace] each filed a Notice of Appeal on September 6, 2017. The Court directed [Lynch] and [Gerace] to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on September 8, 2017. [Gerace] filed [its] 1925(b) statement on September 29, 2017 and served a copy on the undersigned Judge. [Lynch] failed to timely file a 1925(b) statement within twenty-one (21) days and failed to serve a copy on the court,[Footnote 2] as prescribed by the Trial Court's September 8, 2017 Order and pursuant to Pa.R.A.P. 1925(b).

[Footnote 2] [Lynch's] failure to serve a copy on the trial court is further

> evidenced by the Certification of Service, which certifies that a copy was served via email and regular mail to [Gerace's] counsel only.

Trial court opinion, 11/7/17 at 1-3 (some citations and footnotes omitted).

On October 18, 2017, the trial court entered judgment in favor of Lynch and against G. World, Inc., and Gerace Enterprise, Inc., in the amount of $35,837.12. Thereafter, on November 17, 2017, the trial court filed separate Rule 1925(a) opinions with respect to the issues raised by Lynch and Gerace.

Lynch raises the following two issues for our review:

> I. The trial court had no basis to vacate the judgment and dismiss Michael Gerace from the case via post[-]trial motion.
>
> II. The trial court erred in failing to grant [Lynch] leave to correct the designation of [] Gerace Enterprise, Inc. to M. Gerace Enterprise, Inc.

Lynch's brief at 9, 14 (full capitalization and emphasis omitted).

The crux of Gerace's argument on appeal is that the trial court erred in entering judgment in favor of Lynch in the amount $35,837.12 because the record did not establish that the parties entered into an oral contract. (Gerace's brief at 8-14.) Gerace further avers that all of Lynch's claims should be dismissed for failure to file a timely Rule 1925(b) statement. (*Id.* at 17.) Alternatively, Gerace argues that,

> [t]he trial court correctly denied Lynch's post-trial motion to amend the name of Defendant Gerace Enterprise, Inc.[; and]

- 4 -

> [t]he trial court . . . correctly determined judgment should not be entered . . . against Michael Gerace individually.

*Id.* at 19, 21 (emphasis and unnecessary capitalization omitted).[2]

Our standard of review in nonjury cases is as follows:

> Our appellate role in cases arising from nonjury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law.  The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury.  We consider the evidence in a light most favorable to the verdict winner.  We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.  However, where the issue . . . concerns a question of law, our scope of review is plenary.  The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Allegheny Energy Supply Co., LLC v. Wolf Run Min. Co.*, 53 A.3d 53, 60-61 (Pa.Super. 2012) (citations and internal quotation marks omitted), *appeal denied*, 69 A.3d 599 (Pa. 2013).

---

[2] The record reflects that Gerace waived its claim with regard to the trial court's award of $5,837.12 in prejudgment interest (*see* Gerace's brief at 14-16) by failing to raise this specific issue in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in [an appellant's 1925(b)] Statement . . . are waived"); *see also Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa.Super. 2007) (stating, "any issue not raised in an appellant's Rule 1925(b) statement will be deemed waived for purposes of appellate review[]"), *appeal denied*, 945 A.2d 171 (Pa. 2008).

Instantly, the trial court found that "[Gerace] failed to prove that the Trial Court abused its discretion or committed an error of law by finding a breach of oral agreement between the parties." (**See** trial court opinion, 11/7/17 at 1; certified record at 41.) In reaching this decision, the trial court indicated that it carefully weighed the evidence presented by both parties at trial and found Lynch's testimony to be credible. (**Id.** at 6-8.) The trial court further noted that "[Lynch] failed to properly preserve all claims on appeal by failing to timely file and serve on the court a concise statement of matters complained of on appeal pursuant to [Rule] 1925(b) and as ordered by the Trial Court." (**See** trial court opinion, 11/7/17 at 1; certified record at 42.)

After a thorough review of the record, as well as the briefs of the parties and the applicable law, and in light of this court's scope and standard of review, we find that the record supports the trial court's determination that an oral contract existed between the parties for human resources-related consulting services and Gerace's claims to the contrary are meritless. Moreover, we agree with the trial court that Lynch's failure to timely comply with Rule 1925(b) results in waiver of his issues on appeal. Accordingly, we adopt the trial court's November 7, 2017 Rule 1925(a) opinions as our own for purposes of this appellate review.

Judgment affirmed.

J. S55035/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

THOMAS J. LYNCH             :     No.   15-1092

          v.

MICHAEL GERACE, G WORLD, INC.,
and GERACE ENTERPRISE, INC.

Kevin R. Boyle, Esquire – Counsel for Appellants/Defendants
Michelle H. Badolato, Esquire – Counsel for Appellants/Defendants
Eric Matthew Hurwitz, Esquire – Counsel for Appellants/Defendants
David A. Avedissian, Esquire – Counsel for Cross-Appellant/Plaintiff

ANGELOS, J.                     DATE:    November 6, 2017

## OPINION

Appellants/Defendants, Michael Gerace, G World, Inc., and Gerace Enterprise, Inc., appeal from the August 7, 2017 Order, docketed August 8, 2017, denying their motion for post-trial relief in the instant breach of contract action. Appellants failed to prove that the Trial Court abused its discretion or committed an error of law by finding a breach of oral agreement between the parties. The Trial Court's findings are based upon competent evidence and therefore, the August 7, 217 Order, docketed August 8, 2017, should not be disturbed.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff/Cross-Appellant, Thomas Lynch ("Mr. Lynch"), initiated this action with the filing of a Complaint on February 6, 2015. Plaintiff alleged claims against Defendants, Michael Gerace, G World, Inc. and Gerace Enterprise, Inc. in

1

breach of contract and unjust enrichment. *See* Amended Complaint. Plaintiff alleged that, pursuant to an oral agreement between the parties, Plaintiff performed human resources related consulting services at the request of Defendant, Michael Gerace ("Mr. Gerace"). *Id.* at ¶ 5. Defendants filed an Answer on November 17, 2015. A bench trial was held on December 6, 2016 and the undersigned Judge entered a Decision and supporting Findings of Facts and Conclusions of Law on December 19, 2017 in favor of Plaintiff against all Defendants in the amount of Thirty Thousand Dollars ($30,000.00).

Plaintiff filed a post-trial motion to amend the verdict to include prejudgment interest on December 28, 2016. Defendants filed a post-trial motion to vacate the Trial Courts December 19, 2017 Decision on January 20, 2017,[1] arguing that Mr. Gerace was not a party to the alleged oral agreement between the parties. A hearing was held on Plaintiff and Defendants' post-trial motions on April 5, 2017. Following said hearing, the undersigned Judge issued an Amended Order on April 12, 2017, finding in favor of Plaintiff and against two defendants, G World Inc. and Gerace Enterprise, Inc. in the amount of Thirty Thousand Dollars

---

[1] Defendants Post-Trial Motion was well past the 10 day period to file a post-trial motion under Pa.R.C.P. 227.1(c) However, Plaintiff's Post-Trial Motion on December 28, 2016 provided a cover-page that incorrectly stated Defendants had twenty (20) days to respond to Plaintiff's post-trial motion. The Trial Court has broad discretion to dismiss an untimely post-trial motion or to overlook its untimeliness. *See* Kennel v. Thomas, 804 A.2d 667, 668–69 (Pa.Super.2002). Due to the error on the cover-page of Plaintiff's post-trial motion, the Trial Court exercised its discretion and considered the merits of Defendants post-trial motion.

2

($30,000.00) plus prejudgment interest in the amount of Five Thousand Eight Hundred Thirty Seven Dollars and Twelve Cents ($5,837.12).

The parties filed post-trial motions on the April 12, 2017 Amended Order, which were denied by Order on August 7, 2017, docketed August 8, 2017. Plaintiff and Defendants each filed a Notice of Appeal on September 6, 2017. The Court directed Plaintiff and Defendants to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on September 8, 2017. Defendants filed their 1925(b) statement on September 29, 2017 and served a copy on the undersigned Judge. Plaintiff failed to timely file a 1925(b) statement within twenty-one (21) days and failed to serve a copy on the court[2], as prescribed by the Trial Court's September 8, 2017 Order and pursuant to Pa.R.A.P. 1925(b).[3]

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

The issues raised in Defendants' Statement of Matters Complained of on Appeal are as follows:[4]

---

[2] Plaintiff's failure to serve a copy on the trial court is further evidenced by the Certification of Service, which certifies that a copy was served via email and regular mail to Defendants' counsel only.

[3] In determining whether an Appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, the trial court's order triggers Appellant's obligation under the rule. *See In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013). Failure to comply with the service requirements and verified admission of receiving notice of the same has been found sufficient to find waiver of issues on appeal. *See Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223 (Pa. Super. 2005).

[4] Defendants' Concise Statement of Matters Complained of on Appeal is anything but concise. A Rule 1925(b) "statement must be 'concise' and coherent as to permit the trial court to understand the specific issues being raised on appeal." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206,

3

1.    The Court erred in entering judgment against Defendants G World, Inc. and Gerace Enterprise, Inc. because additional facts were elicited at trial but were not mentioned or discussed in the Court's Findings of Fact and Conclusions of Law; and

2.    The Court erred in finding the formation of an oral contract between the parties.

## DISCUSSION

The decision of the trial court in a non-jury trial will be reversed only where the trial court has abused its discretion or if its findings are premised on an error of law. *Amerikohl Mining Co. v. Peoples Natural Gas Co.*, 860 A.2d 547, 549-50 (Pa. Super. Ct. 2004). The trial court does not abuse its discretion where there is a mere difference of opinion regarding an interpretation of the facts. *See Viener v. Jacobs*, 834 A.2d 546, 556 (Pa. Super. Ct. 2003. Rather, an abuse of discretion is found only in flagrant cases where there is no reasonable ground for a difference of opinion. *See Miller v. Krug*, 386 A.2d 124, 127 (Pa. Super. Ct. 1978). Thus, the trial court's findings are controlling and will not be reversed unless those findings are not based upon competent evidence. *Viener*, 834 A.2d at 554.

---

211 (Pa. Super. 2008). Appellants' Statement consists of a recitation of facts interwoven with what the Trial Court can only discern as possible errors. Therefore, the Trial Court has thoroughly read through Defendants' Statement and discerned the basis for Appellants' appeal as numerated above.

4

Pennsylvania Rule of Civil Procedure 1038 states: "The decision of the trial judge may consist only of general findings as to all parties but shall dispose of all claims for relief. The trial judge may include as part of the decision specific findings of fact and conclusions of law with appropriate discussion." The trial court, when hearing a case without a jury, is not required to separately list subsidiary and ancillary facts to support the judgment, but need only find the material facts controlling issues raised. *Singer v. Redevelopment Auth. of City of Oil City*, 261 A.2d 594, 602 (Pa. 1970), citing *First National Bank v. Jones' Estate*, 6 A.2d 273 (Pa. 1939).

Defendants' alleged error by the Trial Court in failing to include additional facts elicited at trial but not included in the Court's Findings of Fact and Conclusions of Law is without merit. The December 19, 2016 Findings of Fact and Conclusions of Law included material facts related to the Decision in the case. The Trial Court need not list every fact elicited at trial, only those material facts related to the Decision in the case. Here, the Trial Court referred to testimony that was elicited by both Plaintiff and Mr. Gerace and, after considering all of the testimony and evidence presented at trial, the undersigned Judge carefully made a decision based on the weight of that testimony and included Findings of Facts and Conclusions of Law that supported said decision.

5

To the extent that Defendants' further argue the Trial Court erred in finding the formation of an oral contract between the parties, Defendants' argument is again without merit. The trial court, siting as the trier of fact in a bench trial, is the sole judge of credibility and conflicts in the evidence. *See Miller v. Brass Rail Tavern Inc.*, 702 A.2d 1072, 1076 (Pa. Super. Ct. 1997); *See also Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. Ct. 2009) ("The weight afforded to the testimony of the witnesses as well as credibility determinations are within the exclusive province of the trial court."). Therefore, "[t]he findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury." *Amerikohl*, 860 A.2d at 549-50.

The Trial Court found that an oral contract existed between the parties for human resources related consulting services. *See* December 19, 2016 Findings of Fact and Conclusions of Law, ¶ 40-47. This finding was based on the testimony and evidence elicited at trial. Plaintiff testified that he met Mr. Gerace in March/April 2013 to discuss human resources policies and procedures for Mr. Gerace's business, but they did not discuss the cost of said services at this meeting. N.T. Dec. 6, 2016, pp. 13, 18. In May 2013, Plaintiff prepared a written proposal for Mr. Gerace, which included support for regulatory posters to be placed at locations for Mr. Gerace's business, a new hire checklist for all new employees, and a policies and procedures manual. N.T. Dec. 6, 2016, pp. 19-22; Exhibit P-1.

6

Plaintiff testified that at the May 2013 meeting, he informed Mr. Gerace that his services would cost Thirty Thousand Dollars ($30,000.00) and that Mr. Gerace agreed. N.T. Dec. 6, 2016, pp. 22. Mr. Gerace testified that he never agreed to pay any sum to Plaintiff. N.T. Dec. 6, 2016, p. 120. However, Plaintiff testified that he provided Mr. Gerace with two finished products, created specifically for his company, in July or August 2013, and then asked for payment for his services. N.T. Dec. 6, 2016, pp. 31-32. Plaintiff further testified that he emailed Mr.Gerace on multiple occasions asking for compensation, and Mr. Gerace eventually responded stating that he was "really tied up" and "tied up with year end." N.T. Dec. 6, 2016, pp. 37, 52-63; Exhibit P-8. Mr. Gerace did not object to, protest, or deny in any emails where he was asked by Plaintiff for compensation that he did not agree to pay Plaintiff for his services.

The Trial Court found the testimony of Plaintiff to be credible. *See* December 19, 2016 Findings of Fact and Conclusions of Law, ¶ 39. The Trial Court further found that Plaintiff and Mr. Gerace agreed upon services to be provided by Plaintiff and Plaintiff did in fact provide those services to Mr. Gerace. Further, the testimony of Plaintiff, along with multiple e-mails and Demand Letters, established: the parties agreed to the amount of the oral contract in the amount of Thirty Thousand Dollars ($30,000.00), the parties agreed that payment for Plaintiff's services would take place at the completion of the project by

7

Plaintiff, and Plaintiff completed the agreed upon work for Defendants. Acting as the trier of fact in this case, the undersigned Judge listened to the testimony and evidence presented at trial and carefully weighed the weight of the testimony and evidence. As the trier of fact is in the best position to judge the credibility of witnesses, the Trial Court's December 19, 2016 Decision should not be disturbed.

BY THE COURT:

SPIROS E. ANGELOS, J.

8

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| THOMAS J. LYNCH | : | No.　15-1092 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL GERACE, G WORLD, INC., | : | |
| and GERACE ENTERPRISE, INC. | : | |

Kevin R. Boyle, Esquire – Counsel for Appellants/Defendants
Michelle H. Badolato, Esquire – Counsel for Appellants/Defendants
Eric Matthew Hurwitz, Esquire – Counsel for Appellants/Defendants
David A. Avedissian, Esquire – Counsel for Cross-Appellant/Plaintiff

ANGELOS, J.　　　　　　　　　　　　　　　DATE:　　November 6, 2017

## OPINION

Cross-Appellant/Plaintiff, Thomas J. Lynch, appeals from the August 7, 2017 Order, docketed August 8, 2017, denying his motion for post-trial relief in the instant breach of contract action. Plaintiff failed to properly preserve all claims on appeal by failing to timely file and serve on the court a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) and as ordered by the Trial Court. Therefore, Plaintiff's Appeal should be dismissed.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff/Cross-Appellant, Thomas Lynch ("Mr. Lynch"), initiated this action with the filing of a Complaint on February 6, 2015. Plaintiff alleged claims against Defendants, Michael Gerace, G World, Inc. and Gerace Enterprise, Inc. in breach of contract and unjust enrichment. *See* Amended Complaint. Plaintiff

1

alleged that, pursuant to an oral agreement between the parties, Plaintiff performed human resources related consulting services at the request of Defendant, Michael Gerace ("Mr. Gerace"). *Id.* at ¶ 5. Defendants filed an Answer on November 17, 2015. A bench trial was held on December 6, 2016 and the undersigned Judge entered a Decision and supporting Findings of Facts and Conclusions of Law on December 19, 2017 in favor of Plaintiff against all Defendants in the amount of Thirty Thousand Dollars ($30,000.00).

Plaintiff filed a post-trial motion to amend the verdict to include prejudgment interest on December 28, 2016. Defendants filed a post-trial motion to vacate the Trial Courts December 19, 2017 Decision on January 20, 2017,[1] arguing that Mr. Gerace was not a party to the alleged oral agreement between the parties. A hearing was held on Plaintiff and Defendants' post-trial motions on April 5, 2017. Following said hearing, the undersigned Judge issued an Amended Order on April 12, 2017, finding in favor of Plaintiff and against two defendants, G World Inc. and Gerace Enterprise, Inc. in the amount of Thirty Thousand Dollars ($30,000.00) plus prejudgment interest in the amount of Five Thousand Eight Hundred Thirty Seven Dollars and Twelve Cents ($5,837.12).

---

[1] Defendants Post-Trial Motion was well past the 10 day period to file a post-trial motion under Pa.R.C.P. 227.1(c) However, Plaintiff's Post-Trial Motion on December 28, 2016 provided a cover-page that incorrectly stated Defendants had twenty (20) days to respond to Plaintiff's post-trial motion. The Trial Court has broad discretion to dismiss an untimely post-trial motion or to overlook its untimeliness. *See Kennel v. Thomas*, 804 A.2d 667, 668–69 (Pa.Super.2002). Due to the error on the cover-page of Plaintiff's post-trial motion, the Trial Court exercised its discretion and considered the merits of Defendants post-trial motion.

2

The parties filed post-trial motions on the April 12, 2017 Amended Order, which were denied by Order on August 7, 2017, docketed August 8, 2017. Plaintiff and Defendants each filed a Notice of Appeal on September 6, 2017. The Court directed Plaintiff and Defendants to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on September 8, 2017. Defendants filed their 1925(b) statement on September 29, 2017 and served a copy on the undersigned Judge. Plaintiff failed to timely file a 1925(b) statement within twenty-one (21) days and failed to serve a copy on the court[2], as prescribed by the Court's September 8, 2017 Order and pursuant to Pa.R.A.P. 1925(b).

## DISCUSSION

Pursuant to Pa.R.A.P. 1925(b), a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Appellants must comply when a trial court orders them to file a concise statement and any matters not included in a timely filing are deemed waived. *Com. v. Lord*, 719 A.2d 306, 309 (Pa. 1998).[3]

---

[2] Plaintiff's failure to serve a copy on the trial court is further evidenced by the Certification of Service, which certifies that a copy was served via email and regular mail to Defendants' counsel only.

[3] Although *Lord* is a criminal case, the principles enunciated therein are equally applicable in civil cases since the Rules of Appellate Procedure apply to both criminal and civil cases. *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 658 (Pa.Super. 2000).

Our Supreme Court has recognized that their ruling in *Lord* was intended to be a bright-line rule requiring that all issues not included in a timely statement of matters be automatically deemed waived in order to provide "clear rules regarding what is necessary for compliance and certainty of result for failure to comply. *Com. v. Castillo*, 888 A.2d 775, 779-80 (Pa. 2005). The Superior Court has recently recognized that the Supreme Court requires "stringent application of waiver pursuant to Rule 1925(b)" and that "it is no longer within [the Superior Court's] discretion to ignore the internal deficiencies of Rule 1925(b) statements." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa.Super. 2014). *See also Com. v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (holding that the provisions of 1925(b) "are not subject to ad hoc exceptions or selective enforcement").

In determining whether an Appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers appellant's obligation under the rule. *See In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013). Accordingly, the language of the order should be examined to determine whether the court complied with Rule 1925. *Berg v. Nationwide Mutual Insurance Company, Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010). Here, the Trial Court's 1925(b) order was consistent with all the requirements of Pa.R.A.P. 1925(b)(3). The Trial Courts order specified (1) the number of days within which

Plaintiff was to file a statement of errors; (2) that the statement must be filed; (3) that the statement must be served on the court; and (4) that any issue not properly included in the statement, timely filed and served, would be deemed waived. *See* Pa.R.A.P. 1925(b)(3)(i)-(iv); *Berg*, 6 A.3d at 1008; Order 9/8/17. Further, an examination of the Certification of Service of Plaintiff's Statement indicates that it was served upon Defendants' counsel, but not upon the trial court. *See* Plaintiff's 10/4/17 1925(b) Statement.

Although Plaintiff filed his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, he failed to file it in a timely manner as ordered by the Court and pursuant to Pa.R.A.P. 1925(b) and he failed to serve his statement on the Trial Court per its Order of September 8, 2017.[4] Therefore, Plaintiff failed to properly preserve any claims on appeal and the subject Appeal should be dismissed.

BY THE COURT:

_____
SPIROS E. ANGELOS, J.

---

[4] *See, e.g., Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223 (Pa. Super. 2005) (finding Appellant's failure to comply with service requirements and verified admission to receiving notice of the same sufficient to find waiver); *see also Commonwealth of Pennsylvania v. $766 U.S. Currency*, 948 A.2d 912, 915 (Pa. Commw. 2008) (holding that failure to serve a 1925(b) statement on the trial court judge constitutes a fatal defect which results in the waiver of issues and quashal of the appeal).

5