**Miriam B. KENNEL**

v.

**William B. THOMAS, Jr., et al.**

**Appeal of Barrie D. Hazzard.**

Superior Court of Pennsylvania.

Filed July 18, 2002.

---

Linda Kling, New Holland, for appellant.

Arthur L. Sagnor, West Chester, for appellee.

Before JOYCE, BENDER and TAMILIA, JJ.

PER CURIAM.

¶ 1 Appellee, Miriam Kennel, instituted this action to quiet title; appellant, Barrie D. Hazzard, was the only defendant to challenge this action, claiming that he owned the disputed property through adverse possession. On March 14, 2000, a non-jury trial resulted in a decision in appellee's favor. Appellant filed a post-trial motion on March 30, 2000 and on February 25, 2002, the trial court denied this motion. Appellant then filed a notice of appeal on March 22, 2002. Appellee has filed a motion to quash and/or dismiss on the basis of appellant's failure to preserve any issues for appellate review.

¶ 2 The Honorable Juan R. Sanchez, in his Memorandum Opinion of April 23, 2002, noted the untimeliness of appellant's post-trial motion and specifically refused to address the merits raised therein. Consequently, he opined that the issues raised in appellant's post-trial motion had not been preserved and that this appeal should therefore be quashed.

¶ 3 Pa.R.C.P. 1061(a) states in pertinent part: "[T]he procedure in the action to quiet title from the commencement to the entry of judgment *shall* be in accordance with the rules relating to a civil action." (emphasis added). Pa.R.C.P. 227.1(c)(2) states: "Post-trial motions *shall* be filed within *ten days* after notice of nonsuit or the filing of the decision or adjudication in the case of a *trial without jury* or equity trial." (emphasis added). The March 14, 2000 decision was entered on the trial court docket on the same date. *See Pa. R.A.P. 108(b)* (the date of entry of an order in a matter subject to the Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)). Therefore, appellant's post-trial motion should have been filed on or before March 24, 2000; as already noted, appellant filed his post-trial motion on March 30, 2000, six days beyond the mandated 10–day period.

¶ 4 Appellant's post-trial motion was filed in an untimely manner and the trial court specifically declined to address the merits on this basis. Consequently, since the trial court refused to address the merits of appellant's issues raised in his untimely post-trial motions, those issues are waived and not preserved for purposes of appellate review. *Compare Terletsky v. Prudential,* 437 Pa.Super. 108, 649 A.2d 680 (1994) (when trial court elects to hear untimely post-trial motions on merits and addresses alleged error on merits, court of appeals is bound to review merits); *Jazbinsek v. Chang,* 416 Pa.Super. 300, 611 A.2d 227 (1992) (issues raised in motion

669

filed over two months after verdict was rendered was properly before appellate court where trial court addressed merits of issue despite its untimeliness).

¶ 5 Appellee's motion to quash and/or dismiss this appeal is granted. Appeal dismissed.