J-S42014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DISCOVER BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARGARET PAULONE | |
| Appellant | No. 1907 WDA 2013 |

Appeal from the Judgment Entered November 12, 2013
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): No. 3116 of 2009

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 16, 2014**

Appellant, Margaret Paulone, appeals *pro se* from the judgment entered by the Honorable Richard E. McCormick, Jr., Court of Common Pleas of Westmoreland County.  After careful review, we affirm.

As we write primarily for the parties, we set forth only so much of the factual and procedural history as is necessary for the resolution of this appeal.  Appellee, Discover Bank ("the Bank"), instituted the underlying action by filing a complaint alleging that Paulone had defaulted on a loan in the amount of $14,300.00.  After extensive pre-trial litigation, the case proceeded to a jury trial, resulting a verdict in favor of the Bank.  Paulone filed post-trial motions, which the trial court denied.  This timely appeal followed.

On appeal, Paulone purports to raise 11 issues. However, we conclude that four of these issues are waived due to Paulone's failure to raise them in post-trial motions. It is well established that issues on appeal must be preserved by timely post-trial motions or they are waived. *See Diamond Reo Truck Co. v. Mid-Pacific Industries, Inc.*, 806 A.2d 423, 428 (Pa. Super. 2002); *Kennel v. Thomas*, 804 A.2d 667, 668 (Pa. Super. 2002).

In her post-trial motions, Paulone raised the following issues:

- The Bank's claim was barred by the statute of limitations;

- The Bank failed to meet its burden of proof at trial;

- The evidence at trial was insufficient to support the jury's verdict;

- Trial court bias leading the jury to view Paulone as a criminal defendant;

- Trial court erred in excluding an exhibit proffered by Paulone;

- Inadequacy of the charge provided to the jury; and

- Inadequacy of the verdict slip provided to the jury.

*See* Defendant's Motion for Post-Trial Relief, filed 7/22/13, at 1-2. In contrast, the first four issues raised by Paulone on appeal are as follows:

- Improper service of process;

- Abuse of discretion in allowing the Bank an extended period of time to file amended pleadings;

- Trial court's failure to grant Paulone's preliminary objections; and

- Trial court's dismissal of Paulone's counterclaim.

*See* Appellant's Brief, at 4-5. As these issues were not contained in Paulone's Motion for Post Trial Relief, they are waived.

We therefore turn to the remaining seven issues that Paulone did preserve in her Motion for Post Trial Relief. Paulone first claims that the trial court erred in denying her motion for summary judgment. Specifically, Paulone contends that the Bank did not adduce sufficient evidence of record to survive Paulone's motion for summary judgment. We conclude that any alleged error in denying summary judgment was harmless error. Unless an error of law controls the outcome of a case, we will not reverse an order denying a new trial. ***See Lockley v. CSX Transportation***, 5 A.3d 383, 388 (Pa. Super. 2010). "[A] litigant is entitled only to a fair trial and not a perfect trial." ***Id***., (***quoting Kelley v. Wegman's Food Markets, Inc.***, 2003 WL 21091390 (E.D. Pa. 2003)).

"The purpose of a motion for summary judgment … is to expedite the trial of a matter." ***Phaff v. Gerner***, 303 A.2d 826, 829 (Pa. 1973). Specifically, summary judgment is available as a means to avoid a "useless trial." ***Penn Center House, Inc. v. Hoffman***, 553 A.2d 900, 902 (Pa. 1989). Thus, the purpose of summary judgment proceedings is already moot once a trial has occurred. The denial of a summary judgment motion alleging a deficiency of the factual record is entirely harmless, as the relevant record on appeal is the trial record. The proper method for preserving discovery rights is through motions *in limine* and objections at

trial. Furthermore, Paulone raises the sufficiency of the evidence to support the jury's verdict below, thereby properly preserving the essence of her claim. Thus, we conclude that Paulone's claim that the trial court erred in denying her motion for summary judgment merits no relief on appeal.

Next, Paulone argues that the Bank's breach of contract action was barred by the applicable statute of limitations. In her brief, Paulone concedes that the alleged breach took place in October of 2008, and that the Bank initiated this suit in 2009. **See** Appellant's Brief, at 46. However, she claims that the Bank's inclusion of her line of credit into the balance due did not occur until 2013. Upon review of the record, we cannot agree with Paulone. The Bank's initial complaint, while far from an exemplar of professional pleading, clearly set forth a claim that Paulone had a balance due and owed of $16,155.00, and that Paulone was in default of her credit agreement for failing to make payments when due. Thus, the Bank filed its complaint on the relevant issues within a year of the undisputed breach. This was well within the applicable statute of limitations. **See** Pa.C.S.A. § 5525(a). Paulone's issue raising the statute of limitations merits no relief.

Paulone's next two issues raise the sufficiency of the evidence at trial to support the jury's verdict. Essentially, Paulone argues that the trial court should have entered judgment notwithstanding the verdict, or judgment n.o.v., in her favor. Our standard of review when reviewing a trial court's denial of a motion for judgment n.o.v. is well settled:

> We must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the jury could have properly made its award, then we must affirm the trial court's denial of the motion for [judgment n.o.v.]. A [judgment n.o.v.] should be entered only in a clear case.

*American Future Systems, Inc. v. BBB*, 872 A.2d 1202, 1215 (Pa. Super. 2005) (citation omitted). Further, a trial court can only enter judgment n.o.v. upon two bases: "(1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant." *Id.* We will reverse a trial court's denial of judgment n.o.v. only where the trial court abused its discretion or committed an error of law that controlled the outcome of the case. *See Ty-Button Tie, Inc. v. Kincel and Co., Ltd.*, 814 A.2d 685, 690 (Pa. Super. 2002).

At trial Paulone testified that she signed the credit application, utilized the line of credit provided by the Bank, made monthly payments as detailed in exhibits presented by the Bank, and cashed a balance transfer check from the Bank. *See* N.T., Trial, 7/9 & 10/13, at 69-77. Her sole factual defense was that she used the cash from the balance transfer check to pay the Bank, but admitted that she had no proof other than her testimony for this

assertion. *See id*., at 77-78. Based upon this record, we conclude that the jury was entitled to find that Paulone breached her credit agreement with the Bank. Thus, we cannot conclude that the trial court abused its discretion or committed an error of law in denying Paulone's request for judgment n.o.v.

Paulone's remaining issues on appeal are waived, due to the substantial deficiencies in her brief. Her final, combined argument for her last three issues contains citations to two authorities but makes no attempt to develop her arguments that these authorities apply to the present case. *See* Pa.R.A.P. 2119(a), (b). This rambling, twelve page discussion of actions taken by the trial court during the trial fails to provide anything upon which we could conclude the trial court erred.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." *Giant Food Stores, LLC v. THF Silver Spring Development, L.P.*, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v.*

***Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006). As Paulone's final three issues on appeal are not properly developed, we find them waived.[1]

Judgment affirmed. Jurisdiction relinquished.

Judge Musmanno joins the memorandum. Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2014

---

[1] "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." ***Gesiorski***, 904 A.2d at 942 (citation omitted). As Paulone has chosen to proceed *pro se*, she cannot now expect this Court to act as her attorney.