J-A02037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL EWING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMANTHA BERTOLINO AND SUSAN | : | No. 775 WDA 2021 |
| KANZIOLKA | : | |

Appeal from the Order Entered May 24, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-18-014973

BEFORE: OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: January 28, 2022**

Paul Ewing (Ewing) appeals from the order entered in the Court of Common Pleas of Allegheny County (trial court) dismissing his complaint for his failure to appear. Because Ewing failed to preserve any issues for our review, we dismiss his appeal.

We take the following procedural background from the trial court's August 26, 2021 opinion and our independent review of the record.

**I.**

On November 14, 2018, Ewing filed a complaint in this motor vehicle accident against Susan Bertolino (Bertolino) and Susan Kanziolka (Kanziolka). The trial court granted a motion for partial summary judgment on September

_____

[*] Retired Senior Judge assigned to the Superior Court.

2, 2020, and Kanziolka was dismissed from the case. Bertolino filed a motion to transfer the case to arbitration that the court granted over Ewing's objection. On March 19, 2021, the case was listed for a May 24, 2021 arbitration hearing.

At that time, the February 24, 2021 Allegheny County Amended Emergency Operations Order extending and modifying the August 24, 2020 Emergency Operations Order entered in response to the Covid-19 pandemic was in effect. The February 24, 2021 Order directed that in-person arbitration proceedings were suspended until April 2, 2021, unless a party requested a remote hearing. *See* Allegheny County Amended Emergency Operations Order, 2/24/21, at 2. The March 31, 2021 Amended Emergency Operations Order extending and modifying the emergency declaration directed that "limited in person arbitration hearings" would resume effective April 5, 2021. *See* Allegheny County Amended Emergency Operations Order, 3/31/21, at 3; Allegheny County Amended Emergency Operations Order, 4/26/21, at 3.

Ewing failed to appear at the May 24, 2021 arbitration hearing. The matter was immediately transferred to the trial court, and the same day, the court entered a "Non-Jury Verdict" dismissing Ewing's complaint with prejudice "[p]ursuant to Allegheny County Local Rule … 1303(a)(2). … Notices of the May 24, 2021 verdict were sent on May 25, 2021." (Trial Court Opinion,

8/26/21, at 1).[1] On June 14, 2021, Bertolino filed a *praecipe* for judgment on the verdict. Ewing filed a notice of appeal on June 24, 2021.

Thereafter, on July 1, 2021, Ewing filed a motion for reconsideration and to strike the judgment on the verdict, requesting that the trial court vacate the non-jury verdict and reinstate his case because he did not willfully fail to appear where the Allegheny County Emergency Operations Orders were ambiguous and, based on an earlier communication with the Arbitration Center, he thought his hearing was suspended. Alternatively, he maintained that because the March 21, 2021 Order scheduling the arbitration hearing did not contain a notice statement required by Pennsylvania Rule of Civil Procedure 1303(a)(2), the May 24, 2021 order should be vacated and the resulting judgment stricken. (***See*** Motion for Reconsideration and to Strike the Judgment, 7/01/21, at ¶¶ 10-12, 28).

---

[1] Allegheny County Local Rule 1303(a)(2) provides, in pertinent part:

> **(1)** If a party fails to appear for a scheduled arbitration hearing, the matter may, if all present parties agree, be transferred immediately to a Judge of the Court of Common Pleas for an *ex parte* hearing on the merits and entry of a non-jury verdict, from which there shall be no right to a trial *de novo* on appeal.
>
> *Note:* This local rule results in the loss of the right to a trial de novo on appeal, as described in the local rule. **A dismissal or judgment which results from this local rule will be treated as any other final judgment in a civil action, subject to Pa.R.C.P. 227.1.**

Allegheny County Local Rule 1303(a)(2)(1) (emphasis added).

Pursuant to Pennsylvania Rule of Appellate Procedure Rule 1701(b)(3), the trial court did not review the motion for reconsideration and to strike because it was filed after Ewing had appealed to this Court. It stated, however, that had the motion been timely filed either before the appeal or within the time contemplated by Rule 1701(b)(3), it would have granted it. (**See** Trial Ct. Op., at 1); Pa.R.A.P. 1701(b)(3).[2]

On August 30, 2021, this Court entered an order directing Ewing to show cause why the appeal should not be quashed for his failure to file post-trial motions. In response, Ewing argued that although titled as a non-jury verdict,

---

[2] Rule 1701(b)(3) directs that:

> After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

> \*   \*   \*

> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

> (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(b)(3).

the court's order was a dismissal of the complaint with prejudice based on administrative procedure; there was, in fact, no non-jury trial so there could not be a non-jury verdict. Therefore, in effect, the May 24, 2021 decision is an immediately appealable final order under Rule 341 that disposed of all claims and all parties. Alternatively, to the extent the May 24, 2021 decision is a non-jury verdict, Ewing stated that he has complied with the Rules of Civil Procedure by "filing a motion for reconsideration/motion to strike the verdict[.]" (Response to Rule to Show Cause, 9/13/21, at 1-2). This Court discharged the rule to show cause order on September 28, 2021, advising the parties to be prepared to address the issue with the merits panel.

On appeal, Ewing raises three issues: Whether the trial court erred (1) "in filing the Non-Jury Verdict dismissing the Complaint with prejudice in the case of an arbitration hearing where [he] was not present[;]" (2) "in not notifying [him] of the ongoing arbitration during Covid-19 restrictions[;]" and (3) "in not properly notifying [him] of the Non-Jury Verdict in a timely fashion[.]" (Ewing's Brief, at 6).

**II.**

Before we consider the merits of Ewing's claims, we must first consider whether this appeal is properly before us. Bertolino and the trial court urge us to quash it for Ewing's failure to file a timely post-sentence motion pursuant to Rule 227.1, thus failing to preserve any issue for our review. (**See** Trial Ct. Op., at 1); (Appellees' Brief, at 4). Ewing maintains that he was not required

- 5 -

to file post-sentence motions pursuant to Rule 227.1 because, although filed as a non-jury verdict, the court's order could not be a verdict where there was no trial and, instead, was an immediately appealable final order disposing of all parties and issues pursuant to Pennsylvania Rule of Civil Procedure 341. (Response to Rule to Show Cause, at 1).[3, 4]

"Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal." **Chalkey v. Roush**, 805 A.2d 491, 496 (Pa. 2002) (emphasis omitted); **see also** Pa.R.C.P. 227.1(c)(1). Pennsylvania Rule of Civil Procedure 1303 - Hearing Notice - provides, in pertinent part:

> (b) When the board is convened for [an arbitration] hearing, if one or more parties is not ready the case shall proceed and the arbitrators shall make an award unless the court
>
> (1) orders a continuance, or
>
> (2) hears the matter if the notice of hearing contains the statement required by subdivision (a)(2) and all parties present consent.
>
> **Note:** It is within the discretion of the court whether it should hear the matter or whether the matter should proceed in arbitration. If the court is to hear the matter, it should be heard on the same date as the scheduled arbitration hearing.

---

[3] We rely on Ewing's response to the rule to show cause because he did not address this issue in his brief.

[4] Issue of whether a party must file post-trial motions to preserve claims for appellate review raises a question of law and our review is plenary. **See In re K.L.S.**, 934 A.2d 1244, 1246 (Pa. 2007).

> **In hearing the matter, the trial court may take action not available to the arbitrators, including the entry of a nonsuit if the plaintiff is not ready** or a *non pros* if neither party is ready. …
>
> **For relief from a nonsuit, see Rule 227.1 governing post-trial practice.** See also Rule 3051 governing relief from a judgment of *non pros*.

Pa.R.C.P. 1303(b) (1) (2) (emphases added).

Instantly, because Ewing failed to appear for the scheduled arbitration, pursuant to the Rules of Civil Procedure and the Local Rule, his case was transferred to the court on the same date. ***See id.***; Allegheny County Local Rule 1303(a)(2)(1). While the Local Rule permits the entry of a non-jury verdict after a hearing, no hearing occurred due to Ewing's failure to appear. Although the May 24, 2021 order was titled as a non-jury verdict, the order dismissed his complaint, and in practical effect it was the entry of a nonsuit for Ewing's failure to appear. By Rule then, he was required to file post-trial motions within ten days of the order's entry. ***See Billig v. Skvarla***, 853 A.2d 1042, 1048 (Pa. Super. 2004) ("post-trial motions must be filed within ten days of entry of a nonsuit."). If post-trial motions are not filed, he has failed to preserve any issues for our review. ***See*** Pa.R.A.P. 302(a).

There is merit, no matter how it is captioned, to treat his motion for reconsideration and to strike judgment as a post-trial motion because that motion, no matter how it is captioned, is the equivalent of a post-trial motion in substance. However, even though it can be considered equivalent to a post-trial motion, it must have been filed within ten days, and Ewing did not

file his motion for reconsideration and to strike the judgment on the verdict until July 1, 2021, well after the ten-day period had expired and more than 30 days after entry of the verdict, thus depriving the trial court of jurisdiction over the matter. Not only was the motion filed outside the aforesaid time limits, it was filed while this appeal was pending, taking away the trial court's jurisdiction to review its merits under Rule 1701(b)(3).

Because Ewing raised the issues he presents here in the untimely motion for reconsideration and to strike the judgment on the verdict filed while this appeal was pending, and the trial court properly declined to review its merits, they are not preserved for appellate review. *See Kennel v. Thomas*, 804 A.2d 667, 668 (Pa. Super. 2002) (finding appellant's issues waived where they were raised in untimely motion that trial court refused to address). Accordingly, we dismiss Ewing's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2022