J-A04028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEONARD R. ANDRIEN AND VAUNE LOUISE ANDRIEN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER G. GERBER | : | |
| | : | No. 966 EDA 2021 |
| Appellant | : | |

Appeal from the Judgment Entered May 6, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2019-08686-RC

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 21, 2022**

Appellant Heather G. Gerber appeals from the judgment entered on May 6, 2021,[1] in favor of Appellees Leonard R. Andrien and Vaune Louise Andrien on all claims set forth in their complaint to quiet title and/or for ejectment and trespass, and against Appellant on her counterclaim for adverse possession pursuant to 42 Pa.C.S. § 5530.  We affirm.

_____

[1] Appellant purports to appeal from the April 23, 2021 order denying her post-trial motion instead of from the judgment entered on May 6, 2021. "Ordinarily, an appeal properly lies from the entry of judgment subsequent to the trial court's disposition of any post-trial motions, not from an order denying a post-trial motion." ***Nitardy v. Chabot***, 195 A.3d 941, 944 n.1 (Pa. Super. 2018) (citation omitted).  Here, the trial court entered judgment on May 6, 2021, prior to Appellant's filing of her notice of appeal on May 7, 2021. Therefore, we have jurisdiction to address the appeal on the merits.  ***Id.***  We have corrected the appeal paragraph to reflect that this is an appeal from the entry of judgment of May 6, 2021.

Appellant and Appellees are owners of adjoining parcels of land engaged in a property dispute over the boundary lines between 1239 Greenhill Road and 1241 Greenhill Road, Westchester, Pennsylvania. *See*, *e.g.*, N.T. Trial, 11/9/20, at 7-9. The trial court set forth the background of this matter as follows:

> Generally, the property that [Appellant] claims by adverse possession is set forth in the red thatched lines on Exhibit D-4, as those lines were placed by counsel for [Appellant]. [Appellant] contends that [Appellee's] father, James Andrien, verbally described the property lines of [Appellant's] parcel as generally set forth in the red thatched area. [Appellant's] testimony was also generally supported by testimony of her father, George Gerber, and that of her friend, Susan Horner, that [Appellant] periodically cut the grass in the red thatched area and planted/removed trees, shrubbery and flowers in the red thatched area as set forth in Exhibit D-4. This testimony does not present sufficient credible, clear and definitive proof of adverse possession because there was credible testimony presented by [Appellees] that they, and their father, maintained the same property and [Appellees] further disputed their father's claimed property line concessions.
>
> [Appellant] purchased her property in 1984. At some point in the past, her property was land belonging to the Andrien family. [Appellant] and the Andrien family were very friendly and [Appellant] attended Andrien family gatherings since her purchase of the property. Additionally, [Appellant] testified that [Appellee,] Leonard Andrien, as well as his father, James Andrien, were very helpful to her since she was a single woman trying to renovate and maintain her property and that they provided help to her since they were familiar with home maintenance and repairs. [Appellant's] father also asked the Andrien family to help her. [Appellant] testified that she and [Appellee,] Vaune Louise Andrien, were very friendly throughout the years. It appears from the credible testimony offered at trial that [Appellant] had a very friendly supportive relationship with [Appellees] and [Appellees'] parents. The record supports that between 1984 and 2003, there were no significant boundary disputes relating to the respective properties.

[Appellees] herein obtained title to the Andrien property in question when their father, James Andrien[,] died in 2007. The credible testimony of [Appellee] Leonard Andrien, who resided at the Andrien homestead at least since 1953, was that in 1997, on a portion of the Andrien property, [Appellant] constructed a trash enclosure. Leonard Andrien testified that he removed that new trash enclosure structure in 2019. The credible testimony also offered by both [Appellees] was that [the] red thatched area, as set forth in Exhibit D-4, was always maintained by [Appellees] from at least 1953 until [Appellant] placed stockade and post and rail fencing on [Appellees'] property in 2003 that prevented them from engaging in further maintenance. [Appellees] presented credible testimony that when that fencing was erected by [Appellant] in 2003 in conjunction with the installation of [Appellant's] in-ground pool, [Appellees], and primarily Leonard Andrien, confronted [Appellant] about the fence encroachments and attempted to work out the dispute with [Appellant], to no avail. [Appellee,] Leonard Andrien, attempted to work out the fencing issues with [Appellant] as a good neighbor and as one who got along with [Appellant] "famously[."] These attempts included sharing the costs of a surveyor, which were rejected by [Appellant]. [Appellees] then hired their own surveyor resulting in the creation of Exhibit P-17 (a smaller version of that plan was modified in red ink by counsel for [Appellant] and introduced as Exhibit D-4). In 2008, [Appellant] expanded her driveway two (2) feet into the Andrien property. In 2010, she increased the trespass to approximately ten (10) feet of pavement. *See* Exhibits P-5 and P-6. [Appellees] confronted [Appellant] about these trespasses. In approximately 2019, [Appellees] put up a private property sign [Exhibit P-6] and further removed [Appellant's] pavers and border stones from the Andrien property. [Exhibits P-7 and P-8.]. [Appellees] engaged in formal opposition after receiving a letter from [Appellant's] attorney, which [Appellees] considered threatening. *See* Exhibit P-9. [Appellees] filed this action in an attempt to avoid adverse possession based upon conflicts arising in 2003.

Specifically, [Appellant] contends that [Appellee,] Leonard Andrien, during his deposition testimony taken January 14, 2020, stated that his boundary conflicts with [Appellant] initiated in 2009 and therefore the requisite twenty-one . . . . year period necessary for adverse possession was unsatisfied since [Appellees] did not dispute [Appellant's] possession from the time of her purchase in 1984 until 2008. However, the trial testimony

offered by [Appellees] was that expressed boundary conflicts with [Appellant] occurred in 2003 (with regard to the installation of an in-ground pool, pool house and fencing); 2008 (when [Appellant] paved her driveway which extended [two] feet onto the Andrien property); 2014 (removed [Appellant's] 1997 installed trash enclosure); and 2019 (removed [Appellant's] second trash enclosure on Andrien property north of [Appellant's] parcel, as well as other paving/stone borders on the western portion of the Andrien parcel). Leonard Andrien further testified that he and his sister were unable to formally dispute these boundar[y] issues with [Appellant] until 2008 since neither had a life estate in the property until after their father's death.

Trial Ct. Order, 11/24/20, at 2-3 n.2.

With regard to the procedural history of this matter, on August 27, 2019, Appellees filed their complaint against Appellant, raising claims of ejectment and/or quiet title and trespass to land. *See* Compl., 8/27/19, at 1-5. Appellant filed an answer and counterclaim, seeking adverse possession of the land. *See* Answer and Counterclaim, 10/15/19, at 1-6. On November 20, 2019, Appellees filed an answer in opposition to the counterclaim. *See* Answer to Counterclaim, 11/20/19, at 1-3. Both parties filed motions for summary judgment, which the court denied on May 28, 2020. The court presided over a bench trial on November 9, 2020, and on November 24, 2020, rendered a decision in favor of Appellees. *See* Order, 11/24/20, at 1.

On December 4, 2020, Appellant filed a timely motion for post-trial relief, which read in full:

1. [Appellant] requests this Honorable Court modify or change the decision entered on November 24, 2020, based upon this Court's error and/or abuse in discretion in applying the undisputed facts presented at trial to the law regarding Adverse Possession.

2. [Appellant] requests this Honorable Court reconsider the decision entered on November 24, 2020, after review of all evidence entered at trial, including sworn depositions taken of the [Appellees] which significantly and substantially differ from the testimony offered by [Appellees] at trial and upon which [Appellant's] counsel relied to impeach their credibility based upon an abuse of discretion and/or an error of law and against the weight of the evidence.

3. [Appellant] preserved the issues by properly introducing the sworn depositions into evidence at the trial, by impeaching the witnesses based on prior inconsistent statements made therein, and by presenting the facts as necessary to a just determination in closing argument.

*See* Post-Trial Mot., 12/4/20, at 1. On December 9, 2020, Appellees filed a response in opposition to the motion. *See* Response in Opposition, 12/9/20, at 1-3. The court issued an order scheduling oral argument for January 25, 2021. *See* Order, 1/25/21, at 1.

On January 4, 2021, Appellant filed a brief in support of her motion for post-trial relief. In her brief, Appellant expanded the grounds for relief she originally sought in her motion, listing specific findings of the trial court with which she disagreed and citing to the record. *See* Brief in Support, 1/4/21, at 1-5. Additionally, the motion listed at great length various instances of the transcript where Appellant disagreed with the trial court's credibility findings. *Id.* at 5-11. Appellees filed their response opposing Appellant's arguments on January 16, 2021. *See* Brief in Opposition, 1/16/21, at 1-40. Oral argument on the post-trial motion was rescheduled numerous times and

eventually held on April 15, 2021.[2]  On April 23, 2021, the trial court entered an order denying Appellant's post-trial motion.  ***See*** Order, 4/23/21, at 1.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising nine issues which are nearly identical to those raised in her brief on appeal.  ***See*** Concise Statement of Errors Complained of on Appeal, 5/25/21, at 1-2.  On June 11, 2021, the trial court issued a Pa.R.A.P. 1925(a) opinion, finding that all of Appellant's issues were waived due to her failure to appropriately preserve them in her motion for post-trial relief.  ***See*** Trial Ct. Op., 6/11/21, at 1.  The trial court noted that although Appellant's brief on her post-trial motion contained more specific grounds for relief, the brief was filed well beyond the 10-day time period provided by Pa.R.C.P. 227.1.  ***Id.*** at 2.

On appeal, Appellant raises the following issues:

1. Whether the trial court erred as a matter of law and/or abused its discretion in "crediting" [Appellees'] trial testimony given the evidence presented and record as a whole?

_____

[2] We observe that the notes of testimony from the oral argument for Appellant's post-trial motion were not included in the certified record in this appeal.  Further, it is not clear whether the notes were transcribed.  Additionally, we note that the ultimate responsibility for providing the complete record rests with the party raising the issue that requires an appellate court access to record materials.  ***See*** Pa.R.A.P. 1911(a); Pa.R.A.P. 1921; ***see also Commonwealth v. Williams***, 715 A.2d 1101, 1106 (Pa. 1998) (addressing obligation of appellant to purchase transcript and ensure its transmission to the appellate court).

2. Whether the trial court erred as a matter of law by finding that trial exhibit D-4 constituted insufficient evidence for the adversely claimed property?[3]

3. Whether the trial court erred as a matter of law and/or abused its discretion in disallowing [Appellant's] testimony, and the entire ensuing line of questioning therefrom, concerning the discussion she had with James Andrien?

4. Whether the trial court erred as a matter of law and/or abused its discretion in finding that [Appellees] owned, controlled, and maintained the disputed property since 1984?

5. Whether the trial court erred as a matter of law and/or abused its discretion in finding that [Appellees] were unable to formally dispute the boundary issues until 2008?

6. Whether the trial court erred as a matter of law and/or abused its discretion in failing to find that [Appellees] failed to pursue/obtain a judgment in an action in ejectment against [Appellant] for the area in dispute by [Appellant] prior to the lapse of twenty-one years of consecutive possession, control, and use by [Appellant]?

7. Whether the trial court erred as a matter of law when it failed to apply the doctrine of laches when it ordered [Appellant] to remove structures, fencing, and macadam, or other encroachments on [Appellees'] property?

8. Whether the trial court erred as a matter of law and/or abused its discretion by failing to properly apply the facts of this case to Pennsylvania's law on adverse possession?

9. Whether the trial court erred as a matter of law and/or abused its discretion by failing to grant [Appellant's] motion for post-trial relief?

Appellant's Brief at 5-7 (formatting altered).

Prior to determining the merits of Appellant's issues, we must first determine whether she has preserved her appellate issues. Appellant avers

---

[3] Appellant's brief notes that she is no longer raising this issue for purposes of appeal.

that she has preserved her issues in "[Appellant's] pleadings, including her Counterclaim; the discovery responses; the deposition of Leonard Andrien; [Appellant's] responses/arguments to [Appellees'] Motions in *Limine* and the trial court's Order thereon; the trial transcript, and [Appellant's post-trial motion." Appellant's Brief at 11. Appellant further argues that:

> Notably, in its response to [Appellant's] timely appeal and concise statement of errors, errors, the trial court, in its 1925(a) opinion, assiduously avoided all of [Appellant's] carefully documented arguments set forth in her brief that supported her Motion for Post-Trial Relief, including the contradictions of [Appellee's] trial testimony versus the deposition testimony. Instead, the trial court opined that [Appellant's] Concise Statement of Errors were not specified in [Appellant's Motion for Post-Trial Relief and therefore are waived . . . . However, [Appellant's] Motion For Post-Trial Relief, including her brief in support thereof, clearly and specifically identifies all of the reasons the trial court's determination was improper and for which [Appellant's] Concise Statement of Errors encompasses.

Appellant's Brief at 13. Appellant does not address the untimely filing of her brief.

Pa.R.C.P. 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal," and "[i]f an issue has not been raised in a post-trial motion, it is waived for appeal purposes." ***Board of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.***, 155 A.3d 39, 44 (Pa. 2017) (quoting ***Lane Enterprises, Inc. v. L.B. Foster Co.***, 710 A.2d 54, 54 (Pa. 1998)).

> Rule 227.1(b)(2) provides that the grounds for post-trial relief must be "specified in the motion," and that any grounds not so specified are deemed waived unless leave is subsequently granted upon cause shown to specify additional grounds. Pa.R.C.P.

227.1(b)(2). The Explanatory Comment to Rule 227.1(b)(2) makes clear that specification of the grounds for relief requires more than mere "boilerplate" language, and that the motion must instead provide the theories in support "so that the lower court will know what it is being asked to decide." Pa.R.C.P. 227.1(b)(2) (Explanatory Comment--1983) (quoting **Frank v. Peckich**, [391 A.2d 624, 632-33 (Pa. Super. 1978)]).

**Main Line Gardens, Inc.**, 155 A.3d at 44; **see also Kennel v. Thomas**, 804 A.2d 667, 668 (Pa. Super. 2002) (*per curiam*) (finding the appellant's issues waived where they were raised in an untimely motion that the trial court refused to address).

This Court has further observed that:

> A boiler[ ]plate motion, either that "the evidence was insufficient to support the verdict," or that "the verdict was against the weight of the evidence," is not a "precise statement of issues and grounds relied upon." Such assignments of error not only do not "foster" but discourage "alert and zealous advocacy," for anyone may make them without giving thought to what the issues really are. **Commonwealth v. Holmes**, [461 A.2d 1268, 1273 (Pa. Super. 1983) (*en banc*)] . . . .

> [As such,] a post-verdict motion, either that "the evidence was insufficient to support the verdict," or that "the verdict was against the weight of the evidence," will preserve no issue for appellate review unless the motion goes on to specify **in what respect** the evidence was insufficient, or **why** the verdict was against the weight of the evidence. **Id.** at 1270 (emphasis in original).

**Commonwealth v. Rivera**, 238 A.3d 482, 497 (Pa. Super. 2020). Our courts have extended this disapproval of "boilerplate" motions to civil cases:

> To permit the trial court to grant a new trial on the basis of a very general assignment of error, such as "the verdict is against the law" or "against the evidence," would result in losing the advantages of requiring specific assignments of error. Furthermore, to permit the trial court to make its own

- 9 -

> selection of reasons for granting a new trial, and then allocate those reasons under the rubric that the verdict was "against the law" or "against the evidence," would permit the court to grant a new trial for a reason that counsel would have been prevented from raising in the motion for new trial because at the time the alleged error occurred, no objection was made.
>
> *Cauthorn v. Owens Corning Fiberglas Corp.*, 840 A.2d 1028, 1033-34 (Pa. Super. 2004). *See also Paul v. Lankenau Hospital*, [569 A.2d 346, 349 (Pa. 1990)] (finding post-trial motion that contained boilerplate assertions regarding the sufficiency of the evidence supporting the defamation count failed to meet the specificity requirement of Rule 227.1).

*Brown v. End Zone, Inc.*, 259 A.3d 473, 484 (Pa. Super. 2021).

In the instant case, the trial court observed:

> [Appellant's] Concise Statement of Errors contains nine (9) errors complained of, all of which the trial [c]ourt considers waived for failure to specify those issues in its motion for post-trial relief. [Appellant's] post-trial motion is non-specific and generally challenges the [trial court's] decision that [Appellant] did not establish adverse possession; that the [trial court's] credibility determinations were erroneous and against the weight of the evidence; and that the issues were preserved by introducing deposition testimony into the record and by impeaching witnesses based upon prior inconsistent statements.[fn4] *See Brindley v. Woodland Village Restaurant, Inc.*, 652 A.2d 865 (Pa. Super. 1995). Pa.R.C.P. 227.1 (b)(2). Although [Appellant's] brief in support of post-trial motion contains more specific grounds for relief more closely mirroring those issues raised in the concise statement, that brief was untimely filed outside of the required ten (10) day period after verdict. Pa.R.C.P. 227.1(c)(1)[4]. Furthermore, the [c]ourt did not address the specific post-trial motion issues raised in [Appellant's] brief in support of the post-trial motion in its Order denying the motion.

_____

[4] Pa.R.A.P. 227(c)(1) applies to jury trials; Pa.R.A.P. 227(c)(2) applies to bench trials, as in this case. However, as both subsections have 10-day deadlines, the difference is immaterial.

- 10 -

[fn4] Weight of the evidence challenges concede sufficient evidence to sustain the verdict and should not be reviewed on a "cold record" especially when determinations of credibility are central to the verdict. ***See Armbruster v. Horowitz***, 744 A.2d 285 (Pa. Super. 1999).

It is also unclear whether [Appellant] adequately preserved any issues raised post-trial as presumptively acknowledged in paragraph number 3 of [Appellant's] Post-Trial Motion. [Appellant's] Post-Trial Motion is non-specific and as such the issues raised in [Appellant's] Concise Statement of Matters Complained of on Appeal are waived. To the extent that those issues are addressed in [Appellant's] brief in support of the Post-Trial Motion, those issues were untimely filed.

Trial Ct. Op., 6/11/21, at 1-2.

Following our review of the record and the applicable case law, we agree that Appellant's post-trial motion was insufficient to preserve her issues for appeal because it relied upon boiler-plate language and failed to meet the specificity required by Pa.R.C.P. 227.1. ***See Brown***, 259 A.3d at 484; ***see also Main Line Gardens, Inc.***, 155 A.3d at 44. Further, Appellant's argument that her brief preserves her issues with sufficient specificity is unavailing, because she filed it on January 4, 2021, far beyond ten days after the verdict rendered on November 24, 2020, therefore it is time barred as untimely pursuant to Pa.R.C.P. 227.1(c)(2). ***See Kennel***, 804 A.2d at 668. For these reasons, we find that Appellant has waived all of her appellate issues.[5] Accordingly, we affirm the trial court's judgment in favor of Appellees and against Appellant.

---

[5] Even if we did not find waiver, we would affirm the entry of judgment based on the reasoning of the trial court. ***See*** Trial Ct. Op., 6/11/21, at 1-2; ***see also*** Order, 11/24/20, at 1-3 n.2

- 11 -

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2022