J-A13034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMERFORD FAMILY LIMITED PARTNERSHIP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT AINBINDER, ROBERT BARRA, RSTM FAMILY TRUST, EUGENE MONAHAN, AND JAMES SERINO | : | No. 849 MDA 2022 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered July 25, 2022
In the Court of Common Pleas of Sullivan County Civil Division at No(s):
2017CV-134

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 08, 2023**

Robert Ainbinder, Robert Barra, RSTM Family Trust, Eugene Monahan, and James Serino (collectively "Appellants") appeal from the final order of the Court of Common Pleas of Sullivan/Wyoming County in favor of Comerford Family Limited Partnership ("Appellee"). We remand for the trial court to prepare a supplemental opinion.

On June 16, 2017, Appellee filed a complaint asserting claims of slander of title and quiet title against Appellants relevant to oil and gas rights for to a certain parcel containing 4,045 acres in Sullivan County. By way of

_____

[*] Former Justice specially assigned to the Superior Court.

background, we will discuss three relevant property conveyances that form the basis of this action, which has a convoluted procedural history.

The parties agree that the source of their alleged rights arose from a common predecessor in title, William A. Monahan. In a June 14, 1955 deed (hereinafter "the Bernice Deed"), the Bernice Land Company agreed to "release and quitclaim to [William A. Monahan], without any covenants or warranties whatsoever, that certain parcel of land in the Townships of Cherry and Colley, Count of Sullivan." Bernice Deed, at 1. The deed describes the parcel of land in metes and bounds and does not give an acreage description.

Two days later, in a June 16, 1955 deed ("hereinafter the WALA deed"), William A. Monahan conveyed surface acreage to White Ash Land Association ("WALA") subject to certain exceptions and reservations. The WALA deed states that William A. Monahan "release[s] and quitclaim[s] to [WALA], without any covenants or warranties whatsoever, the surface only of that certain parcel of land in the Townships of Cherry and Colley, County of Sullivan," which the deed described in metes and bounds. WALA Deed, at 1. The deed states that the conveyance contained "4,045 acres of land, more or less." WALA Deed, at 1 (emphasis added).

In the same deed, William A. Monahan included the following exceptions and reservations, which provide in relevant part:

There is also excepted and reserved from this conveyance (a) all mineral rights and all minerals and metals and natural resources (but not including timber except as hereinafter provided) of every kind and nature lying on and under said surface, including without limitation all natural gas, petroleum, oil, coal, and iron; (b) any

and all structures, buildings, equipment, fixtures, pipes, poles, cables, conduits, and other improvements, appurtenances, fixtures, and utilities now on or under said surface and now or heretofore used for mining operations thereon or thereunder or on adjoining premises of the grantor lying Northerly and Westerly of the granted premises. The grantor reserves for himself, his heirs and assigns the following rights:

1. The perpetual rights of ingress and egress upon, over and beneath the granted premises and to use the granted premises for the purpose of discovering, testing, drilling, mining, stripping, augering, and otherwise developing, extracting, and removing all materials and products hereinabove reserved and excepted and the further perpetual right to do all things which the grantor, his heirs and assigns in his or their sole discretion may deem necessary or convenient in carrying on mining operations of all kinds and activities incidental thereto both on the granted premises and on adjoining premises of the grantor lying Northerly and Westerly of the granted premises, all without liability for injury or damage caused or done to the granted premises or any structures, buildings, or improvements now thereon or hereafter placed thereon. …

WALA Deed, 6/16/55, at 1.

Nearly three years later, in an April 11, 1958 deed ("hereinafter the "Monahan Deed"), William A. Monahan granted and conveyed to his nephew, John E. Monahan "all of the mineral and surface rights of the grantor in, to, and upon" premises specifically described in metes and bounds. Monahan Deed, at 1. The Monahan Deed indicated that the premises described were "part of the premises conveyed to William A. Monahan by Bernice Land Corporation by deed dated June 14, 1955" and "the mineral and surface rights herein conveyed are part of those reserved by the grantor in deed to [WALA] dated June 16, 1955." Monahan Deed, at 1. While the deed does not contain

an acreage description, the parties agree that the property described in the Monahan deed contains approximately 951.6 acres. Notes of Testimony (N.T.), 6/29/21, at 14, 25.

In this action, the parties stipulated that they do not "dispute each other's respective chain of title in terms of how each party traces its underlying ownership." Parties Agreed Upon Exhibits and Stipulation(s) for Trial, at 3. As the extensive chains of title do not affect our review of this appeal, we do not find it necessary to include each detailed chain of title in in this decision.

In this quiet title action, Appellee sought to challenge the August 11, 2016 quitclaim deed executed by Appellants Ainbinder and Barra purporting to quit claim "ALL SUBSURFACE RIGHTS ONLY, including rights to any and all minerals, including but not limited to, gas, oil, coal, and any other mineral rights" to 3,062 acres in Cherry Township, Sullivan County, Pennsylvania. Quitclaim Deed, at 1 (emphasis in original). The Quitclaim Deed identified the subsurface rights it claimed as those conveyed to John E. Monahan in the Monahan Deed as well as those reserved in the WALA Deed.

Appellee (plaintiff below) claims its title to the disputed oil and gas rights derives from William A. Monahan's interest from the WALA Deed. Appellee argues that while the WALA deed conveyed 4,045 acres of surface land to WALA, the deed specifically reserved and excepted to William A. Monahan all of the oil, gas, and mineral rights for the 4,045 acres. Appellee asserts that the reservation of oil, gas, and minerals belonged to William A. Monahan's heirs. Complaint, at ¶ 13-14.

- 4 -

Appellee initially admitted that, in the 1958 Monahan deed, which granted and conveyed "all of the mineral and surface rights of the grantor," William A. Monahan transferred to John E. Monahan the "surface acreage" along with "mineral rights" of a certain parcel of land, which the parties later agreed was 951.6 acres. Complaint, at ¶ 16. However, Appellee argued that Pennsylvania law provides that "mineral rights do not include natural gas and oil." Complaint, at ¶ 17. Thus, Appellee argued that by operation of law, William A. Monahan specifically reserved the oil and gas rights from the 951.6 acres conveyed by the Monahan Deed. Complaint, at ¶ 18. As such, Appellee asserted that neither the Monahan Deed nor the WALA Deed provided any oil and gas rights to Appellants.

In response to Appellee's complaint, Appellants (defendants below), filed an Answer, New Matter, and Counterclaim in quiet title, in which they asserted that their predecessor, John E. Monahan, had conveyed them extensive surface and subsurface rights. While Appellants acknowledged William A. Monahan conveyed a large portion of the surface estate he had acquired from the Bernice Land Company to WALA in the 1955 WALA deed, Appellants asserted that William A. Monahan "granted and conveyed" the remaining acreage from the Bernice Deed to John E. Monahan in the 1958 Monahan Deed in fee simple which included all surface and subsurface rights.[1]

_____

[1] Appellants cited to 21 P.S. § 2, which provides that:

*(Footnote Continued Next Page)*

In addition, Appellants noted that the WALA Deed contains "an extensive exception and reservation in favor of William A. Monahan," with respect to the oil, gas, and mineral rights to the 4,045 acre parcel for which WALA was conveyed the surface estate. In contrast, Appellants pointed out that the Monahan Deed does not make an exception or reservation for oil or gas or contain any of the other exceptions or reservations made in the WALA Deed.[2]

Thus, Appellants asserted the Monahan Deed conveyed John E. Monahan in fee simple the 951.6 acres of the property described in the Monahan Deed as well as all things excepted and reserved by William A.

_____

"in any deed or instrument in writing for conveying or releasing land hereafter executed, unless expressly limited to a lesser estate, the words 'grant and convey' or either one of said words, shall be effective to pass to the grantee or grantees named therein a fee simple title to the premises conveyed, if the grantor or grantors possessed such a title, although there be no words of inheritance or of perpetuity in the deed.

21 P.S. § 2.

[2] Appellants cited to 21 P.S. § 3, which provides that:

All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, unless an exception or reservation be made therein, shall be construed to include all the estate, right, title, interest, property, claim, and demand whatsoever, of the grantor or grantors, in law, equity, or otherwise howsoever, of, in, and to the same, and every part thereof, together with all and singular the improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof.

21 P.S. § 3.

Monahan in the WALA Deed. Accordingly, in their counterclaim sounding in quiet title, Appellants asked the trial court to "forever bar [Appellee] from asserting any right, lien, title, or interest in the land consistent with [Appellants' interest] as set forth in the Counterclaim." New Matter with Counterclaim, 5/20/19, at 3.

On June 29, 2021, a bench trial was held at which the parties did not offer testimony but submitted exhibits and stipulations for the court's consideration along with oral argument. One of the parties' stipulations was that "[t]he parties agree that what is at issue is the ownership of oil and gas rights only." Parties Agreed Upon Exhibits and Stipulations for Trial, at 3.

However, at trial, Appellee claimed for the first time that William A. Monahan did not convey any surface acreage to John E. Monahan. Specifically, Appellee argued that in the 1955 WALA Deed, William A. Monahan conveyed to WALA "surface rights to the entire parcel described in the Bernice Deed" and reserved for himself, his heirs, and assigns the rights to oil, gas, and minerals. N.T. at 10. Thus, Appellee contended that the 1958 Monahan Deed, which conveys all of the "all of the mineral and surface rights of the grantor" in the premises described in that deed, only conveyed to John E. Monahan mineral rights and the limited surface rights to access such minerals. N.T. at 12, 23-24.

At trial, Appellants' counsel pointed out on the record that Appellee's argument that William A. Monahan had not conveyed John E. Monahan surface

acreage contradicted Appellee's pleadings and the testimony of Appellee's own expert. N.T. at 51-53, 55-56.

Appellants maintained their view that John E. Monahan had been conveyed the 951.6 acres described in the Monahan Deed in fee simple, and thus, was conveyed all of the surface and subsurface rights of this parcel. Appellants argued that the WALA deed did not convey the entire surface estate William A. Monahan received in the Bernice Deed and did not include the 951.6 acres described in the Monahan Deed, which lies to the north and west of the surface acreage granted to WALA. Appellants asserted that language in the WALA deed referring to the "adjoining premises of the grantor lying Northerly and Westerly of the granted premises" was the 951.6 acres that was not conveyed to WALA but was later conveyed to John E. Monahan.

At the conclusion of the trial, the trial court ordered the parties to file post-trial briefs with proposed findings of fact and conclusions of law. Thereafter, in an order entered October 4, 2021, the trial court set forth the following conclusions:

1. [Appellee] Comerford Family Limited Partnership, is the owner of all the oil, gas, and mineral rights at issue, with the exception of the mineral rights and surface access rights set for and conveyed in the 1958 Monahan Deed between William A. Monahan and John E. Monahan.

2. [Appellants] do not have any rights to the oil, gas, and mineral rights to the [3,062] acres at issue [] in the Quit Claim Deed.

3. [Appellants] do not have any rights to the oil and gas rights to the [] 951.6 subsurface acres described in the 1958 Monahan Deed.

4. The Sullivan County Recorder of Deeds shall strike or otherwise nullify the Quit Claim Deed dated August 11, 2016 and recorded in the Sullivan County Office of Recorder of Deeds at Instrument No. 201601573 and any references thereto from its records in order to remove the cloud to [Appellee's] rights and title to the oil, gas, and mineral rights at issue.

Order, 10/4/21, at 1-2. The trial court also filed an accompanying opinion.

On October 18, 2022, Appellants filed a "Motion for Post-Trial Relief and Clarification,"[3] seeking to determine whether the trial court had found that the Monahan Deed had transferred the surface estate or limited surface rights to access the parcel in question. Appellants argued that the trial court erred in failing to find that Appellee had made admissions in its pleadings, answers, and discovery that John E. Monahan had been granted land in the Monahan deed along with subsurface rights.

Appellants also argued that the trial court abused its discretion in not giving any meaning to all the clauses in the WALA deed, specifically the language referring to the "adjoining premises of the grantor lying Northerly and Westerly of the granted premises" which Appellants claim were the 951.6 acres conveyed to John E. Monahan in the Monahan deed in fee simple.

_____

[3] We note that Appellants filed their post-trial motions beyond the prescribed 10-day period. *See* Pa.R.C.P. 227.1 ("Post-trial motions shall be filed within ten days after notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial"). However, where a trial court chooses to hear untimely post-trial motions and addresses the alleged error on merits, this Court is bound to review the merits on appeal. **Kennel v. Thomas**, 804 A.2d 667, 668 (Pa.Super. 2002) (citing **Terletsky v. Prudential**, 649 A.2d 680 (Pa.Super. 1994)).

Appellee filed a responsive brief, asserting that Appellants "never put ownership of the surface estate at issue in this case other than through … their Post-Trial submissions." Response to Appellants' Motion for Post Trial Relief, at p. 4. Nevertheless, Appellee claimed the trial court's opinion was sufficiently clear in finding John E. Monahan's "surface rights" were limited surface rights to access the property to extract minerals. Appellee denied making admissions that John E. Monahan was granted the surface estate of the 951.6 acres described in the Monahan deed.

However, Appellee argued that even if it did make this mistake in its pleadings, this "mistake *does not and cannot* divest the titled owner (White Ash Land Association) of the surface estate as described in the WALA Deed." Response to Appellants' Motion for Post Trial Relief, at p. 3 (emphasis in original). Appellee asserted that Appellants did not file a valid quiet title action as to the surface estate of the 951.6 disputed acreage as Appellants failed to add WALA as an indispensable party to the litigation.

On May 9, 2022, the trial court entered an order denying Appellants' post-trial motion with no further analysis. On June 3, 2022, Appellants purported to appeal from the trial court's order denying their post-trial motion. As the trial court had never entered judgment in favor of Appellee, on July 22, 2022, this Court entered an order directing Appellants to *praecipe* the trial court for entry of judgment and to file with this Court's Prothonotary a certified

copy of the trial court docket reflecting entry of the same.[4] Appellants provided this Court with a copy of the trial court docket reflecting that judgment had been entered on July 25, 2022, thereby perfecting this Court's jurisdiction.[5]

Appellants raise the following issues for our review:

A. Does an examination of the exception and reservation clause of the WALA Deed require the Court to find [Appellants] received land of 951 acres and 4,045 acres of oil and gas in the Monahan deed?

B. Does the interpretation of the recorded documents subsequent to the WALA analysis show that William Monahan intended to transfer a fee simple deed to John Monahan?

C. Does a fee simple transfer include oil and gas?

Appellants' Brief, at 7-8.

Appellants' three issues all can be summarized in one argument: Appellants argue that the trial court erred in failing to construe the language in the relevant deeds to find that Appellants own the 951.6 acres described in the Monahan deed in fee simple as well as all of the subsurface rights reserved by William A. Monahan in the WALA deed.

Appellee responds that Appellants are improperly attempting to "land grab" by claiming that they own the surface estate of the land described in

---

[4] An appeal is properly taken from the entry of judgment. **See** Pa.R.A.P. 301(a) (providing that no order of court shall be appealable until it has been entered upon the appropriate trial court docket); **Johnston the Florist, Inc. v. TEDCO Const. Corp**., 657 A.2d 511, 514 (Pa.Super. 1995) (reiterating that an appeal from an order denying post-trial motions is interlocutory).

[5] **See** Pa.R.A.P. 905(a)(5) (providing notice of appeal filed after decision but before the entry of an appealable order shall be treated as filed after such entry and on day thereof). We have changed the caption to reflect that the appeal was taken from the judgment entered on July 25, 2022.

the Monahan Deed in addition to contesting the oil and gas rights. Appellee claims Appellants waived their argument as to the ownership of the surface estate of the land described in the Monahan Deed by and through the parties' joint stipulation which states that "what is at issue is the ownership of oil and gas rights only." Parties Agreed Upon Exhibits and Stipulations for Trial, at 3.

Thus, as an initial matter, we must determine what issues were before the trial court for review. As we previously noted, Appellee's complaint sounding in slander of title and quiet title sought to determine who owned the subsurface rights to oil and gas underlying a 3,062 parcel in Sullivan County as described in the 2016 Quitclaim Deed filed by Appellants Ainbinder and Barra. Appellants later filed New Matter with a Counterclaim seeking to quiet title to the 951.6 acres described in the Monahan deed, which they claimed was conveyed to their predecessor, John E. Monahan, in fee simple.

While the parties did indeed stipulate that the only issue at trial was ownership of oil and gas rights, at that point in the litigation, it was unclear before trial whether the ownership of the surface estate of the 951.6 acres described in the Monahan Deed was a disputed issue.

In its pleadings, Appellee seemingly conceded that William A. Monahan had conveyed the land and mineral rights to John E. Monahan in the 1958 Monahan Deed. *See* Complaint, at ¶ 14 ("[t]he Monahan Deed contains a specific recital clause that reads that *the lands conveyed thereby* are part of the lands conveyed from the Bernice Land Company to William A. Monahan") (emphasis added); Complaint, at ¶ 16 ("by its own language, the Monahan

deed transfers only part of *the acreage* into William A. Monahan from the Bernice Land Company and as to that part, only "mineral rights" as to any subsurface conveyance") (emphasis added). ***See also*** Appellee's Answer to Appellants' Counterclaim, at ¶ 45 ("[i]t is admitted that John Monahan was granted and conveyed *real property* from William A. Monahan by Deed dated April 11, 1958") (emphasis added).

In addition, Appellee submitted a report in which its own expert, Jay C. Wilkinson, III, Esq., opined that John E. Monahan had received surface acreage in the 1958 Monahan Deed. In that report, Atty. Wilkinson indicated that he found "no ambiguity and conclude that the 1958 Monahan Deed conveys exactly what it says it is conveying – the minerals *and the surface of the land* described therein." Wilkinson Expert Report, at 4 (emphasis added). Atty Wilkinson repeats that "it is clear that that 1958 Monahan Deed grants and conveys the minerals and the *surface of the lands described by metes and bounds with in the deed*." Wilkinson Expert Report, at 4 (emphasis added).

Given the language in these pleadings and discovery responses, Appellee had not given Appellants any notice that it would dispute Appellants' claim of ownership of the surface of the land described in the Monahan Deed and claim at trial that WALA was actually the surface owner. As such, we are not convinced that the parties' pretrial stipulation was determinative of what issues were before the trial court to resolve.

In addition, we reject Appellee's argument that Appellants failed to frame as an issue in this case for the trial court to determine the ownership

- 13 -

of the surface of the land described in the Monahan deed. Appellants raised a New Matter with a Counterclaim in which they asserted that their predecessor, John Monahan, had been conveyed 951.6 acres of the property described in that deed in fee simple well as all things excepted and reserved by William A. Monahan in the WALA Deed. Appellants objected to the Appellee's change in its case theory at trial and again raised the issue in their post-trial brief.

Thus, the trial court was required to resolve Appellants' counterclaim seeking to quiet title to the land described in the Monahan Deed. However, it is not clear from the record how the trial court resolved this issue.

In its October 4, 2021 order, the trial court held that Appellee owns the subsurface oil, gas, and mineral rights of the lands described in the Monahan and WALA Deeds, but made no mention of the ownership of the surface estate.

The trial court's accompanying opinion filed on October 4, 2021 does not clearly establish who owns the surface estate for the land described in the Monahan Deed, but contains contradictory statements about this topic. The trial court opinion states that "[t]he Monahan Deed then contains a Metes and Bounds description of the *lands* being conveyed …" Trial Court Opinion, 10/4/21, at 8. In addition, the trial court held that "[a] review of the plain language of the Monahan Deed clearly demonstrates that William A. Monahan conveyed, in the granting clause, the minerals *and the surface* of the lands described in the metes and bounds within the deed." T.C.O. at 9. Nevertheless, the trial court opinion also indicates that "John E. Monahan's

chain of title only contains a portion of the "mineral" right and *limited surface rights as described in the WALA Reservation*." T.C.O. at 10.

Thereafter, Appellants expressed confusion about the trial court's ruling in its subsequent Motion for Post-Trial Relief and Clarification and requested that the trial court clarify whether it had found that the Monahan Deed had transferred the surface estate or limited surface rights to access the parcel in question. However, the trial court denied Appellants' Motion for Post-Trial Relief in a one sentence order without further explanation. Moreover, the trial court chose not to file an opinion pursuant to Pa.R.A.P. 1925(a) on appeal, but instead indicated that the reasons for its decision were contained in the October 4, 2021 order and opinion.

However, the trial court's conflicting statements in its October 4, 2021 opinion deprive our Court a basis to review Appellants' claims of trial court error with respect to their counterclaim, arguing that John E. Monahan had received the lands described in the Monahan Deed in fee simple and asking the trial court to quiet title to the land and "forever bar [Appellee] from asserting any right, lien, title, or interest in the land consistent with [Appellants' interest]." New Matter with Counterclaim, 5/20/19, at 3.[6] The trial

---

[6] In resolving Appellants' counterclaim based on the ownership of the entire 951.6 parcel described in the Monahan Deed, the trial court must also determine whether WALA is an indispensable party to the litigation. A trial court may determine *sua sponte* whether there has been a failure to join an indispensable party, as this issue implicates the trial court's jurisdiction. ***Orman v. Mortg. I.T.***, 118 A.3d 403, 406–407 (Pa.Super. 2015) (citing
*(Footnote Continued Next Page)*

court also made no attempt to evaluate Appellants' claims that the trial court erred in failing to find that Appellee was bound by admissions made in their pleadings and discovery responses indicating that John Monahan was conveyed the surface estate of the 951.6 acres at issue.

Consequently, we are constrained to remand for the trial court to prepare a supplemental opinion setting forth its rationale and analysis detailing how it resolved Appellants' counterclaim. The court of common pleas shall provide the supplemental opinion to this Court within 30 days of the date this memorandum is filed. We direct this Court's Prothonotary to issue, upon receipt of the trial court's opinion, a new briefing schedule to afford the parties the opportunity to address the supplemental opinion.[7] Furthermore, upon receipt of all necessary filings and briefs, the Prothonotary shall list this appeal before the next available argument panel in the Middle District.

Case remanded to the trial court for preparation of a supplemental opinion consistent with this decision. Court jurisdiction retained. Case continued to a future argument panel in light of the necessity for a new briefing schedule.

---

Pa.R.C.P. 1032). "This Court has held that in a quiet title action, all parties who claimed title to the property at issue must be joined as indispensable parties." **Id**. at 407 (citing **Hartzfeld v. Green Glen Corp.,** 552 A.2d 306, 310 (Pa.Super. 1989).

[7] The parties may choose to notify this Court that they will instead rely on the briefs previously submitted.